## THE PEOPLE v. WILLIAM BURNS.

*Criminal law—Burglary—Evidence—Exclusion of witness from court-room.*

1. On the trial of a respondent for burglary, the prosecution was permitted to prove that he was seen about a week before the commission of the crime in company with a party who was afterwards convicted of the same offense, and with whom he roomed before and after the burglary, and in whose company he was *last* seen on the evening of its commission.
    *Held*, that the evidence was properly admitted.
2. The exclusion of a witness for the people from the court-room during the examination of other witnesses is a matter entirely within the discretion of the court.
3. The testimony of an officer who arrested a respondent charged with burglary as to what occurred at the time, and of the resistance of the respondent, *held* properly admitted on the trial of the case.

Error to recorder's court of Detroit. (Swift, J.) Argued October 27, 1887. Decided November 10, 1887.

Respondent was convicted of burglary. Conviction affirmed. The facts are stated in the opinion.

*John G. Hawley*, for respondent.

*George F. Robison*, prosecuting attorney, for the People.

SHERWOOD, J. The respondent was charged with breaking and entering a store in the night-time. He was convicted of the offense in the recorder's court in the city of Detroit, and

sentenced to imprisonment for the period of twelve years.

The information charges that he committed the crime on the second day of November, 1884, and the prosecuting attorney was allowed to prove that on the twenty-fifth day of October preceding the respondent was seen in company with one Moses Stone, who was afterwards convicted of committing the burglary charged in the information. This is complained of as error.

It appears from the record that the respondent and Stone occupied a rented room together, both before and after the burglary was committed, and that they were seen together on the evening of the second day of November, about 7 o'clock. Under these circumstances the evidence was properly admitted.

Upon the trial the prosecuting attorney upon the examination was allowed to have the detective who had caused the arrest of the respondent sit by his side and suggest to him facts relating to the testimony, as he had ascertained them in his ferreting out the case. This was also assigned as error, inasmuch as the respondent had asked for the exclusion of the detective, who was a witness for the people, while the other witnesses were examined.

This was a matter entirely within the discretion of the trial court, and the record discloses no abuse of that discretion.

Witness McDonald, one of the officers who made the arrest of respondent in bed at a house of ill fame, with a pistol under his pillow, was permitted to state what occurred at the time he made the arrest, and that the respondent resisted the arrest. We find nothing improper in the admission of this testimony.

At the close of the trial the respondent's counsel asked the court to charge the jury that the—

"Respondent could not be convicted on the evidence of the breaking and entering charged."

The court declined to charge as requested, and respondent's counsel excepted.

The case upon its facts and circumstances was clearly one for the jury upon all the material allegations made in the information, and no error was committed in refusing the request.

The record discloses no error, and the judgment must be affirmed.

CHAMPLIN and MORSE. JJ., concurred.

CAMPBELL, C. J., did not sit.