## ARMSTRONG MUSIC CO. v. BOYSEN.

No. 9459—Opinion Filed Nov. 4, 1919.

Rehearing Denied Dec. 21, 1919.

1. **Principal and Agent—Implied and Apparent Authority.**

Ordinarily a principal is bound by a contract made for him by his agent, and the acts of his agent in reference therewith, while the agent is acting in the course of his employment and within the scope of his actual or apparent authority.

2. **Same—Evidence of Agency—Sufficiency.**

The record of this case is examined and it is found that there is a total absence of evidence showing that the agent who con-

tracted the debt sued upon was acting in the course of his employment and within the scope of his actual or apparent authority.

(Syllabus by Higgins, J.)

Error from District Court, Grady County; Will Linn, Judge.

Action by E. Boysen against Armstrong Music Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Barefoot & Carmichael, for plaintiff in error.

S. C. Durbin, for defendant in error.

HIGGINS, J. For convenience E. Boysen will be referred to as plaintiff, and the M. B. Armstrong Music Company as defendant, they having so appeared in trial court.

This is a suit brought in a justice of the peace court by the plaintiff E. Boysen and against the defendant M. B. Armstrong Music Company and one R. C. Adams, for money advanced and for labor, the account being duly verified. Judgment was had against both defendants in the justice court, whereupon the defendant, the Armstrong Music Company, alone appealed to the district court. In the district court judgment was again had against the music company for $195.10, from which judgment an appeal was lodged in this court.

The principal assignment of error is that the verdict of the jury was contrary to the evidence. This assignment necessarily requires a consideration of the evidence offered at the trial. The evidence shows that the Armstrong Music Company and R. C. Adams, about September 1, 1916, entered into a contract in which it was to furnish Adams pianos to be by him sold and the money therefor remitted to the Armstrong Music Company. Pianos were shipped direct from the manufacturer to Adams at Chickasha where Adams had opened up a music store in his own name. Adams employed Mr. Boysen to receive these pianos from the railroad and deliver them to his, Adams', store. Mr. Boysen did so, paying the freight, amounting to $130.66. The livery service amounted to $84, and it is for this sum less $19.56 which was paid, that this suit is brought. The contract above referred to is a copy, save the date and names of the parties, as set forth in Akin, Sheriff, v. Baldwin Piano Company, 62 Oklahoma, 162 Pac. 221, not yet officially reported. The contract between the music company and Adams provided that he, Adams, was to pay out of his own means the items herein sued upon. In Akin v. Baldwin Piano Company it is held

that the contract was a consignment contract, that the relation of purchaser and seller did not exist, but the relation of principal and agent did exist, and we so hold in this case.

As to when an agent binds his principal, 31 Cyc. 1566 states the law as follows:

"A principal is generally bound by the contract made for him by his agent, and acts of the agent in connection therewith, while acting in the course of his employment and within the scope of his actual or apparent authority."

An examination of the evidence in this case shows that Adams was conducting a business in his own name, that the pianos were shipped direct to him and in his name, that the contract was made by him and in his own name with Mr. Boysen, that the music company never contracted or agreed to pay any part of the sum sued upon, but that the vice-president and agent of the company told Mr. Boysen to present the bills to Adams, all of which Mr. Boysen so testified. The evidence clearly shows that Mr. Boysen at the time the debt was contracted never knew that the relation of principal and agent existed between the music company and Adams. There is no evidence of any kind that Adams ever held himself out as agent for the music company or that he ever assumed any actual or apparent authority in its behalf, consequently, we find under the evidence in this case that there is a total failure of proof showing that Adams as agent for the music company was, acting within the course of his employment or within the scope of his actual or apparent authority in the creation of the debt for which the Armstrong Music Company is sued.

There is no verified answer filed in the justice court. We do not mean to say that a verified answer was required in that court denying the correctness of an account duly verified, but if one was required then the plaintiff waived any rights he had for its failure by voluntarily going to trial and in introducing evidence as though it was verified. Burford v. Hughes, 76 Oklahoma, 182 Pac. 689; Johnson v. Douglas, 8 Okla. 594, 58 Pac. 743.

In this suit the defendants were sued in the alternative, that is the plaintiff was in doubt as to which one owed him. We express no opinion as to the correctness of this procedure, the same not having been assigned as error. See 30 Cyc. 131. Judgment reversed and cause remanded.

All the Justices concur.