Simpson v. Schiff.

---

No. 23,107.

P. G. SIMPSON, *Appellee*, v. SAM SCHIFF, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Collision Between Motorcycle and Automobile—Evidence Sustains Judgment for Plaintiff*. In an action to recover damages for injuries resulting from a collision with a motorcycle upon which plaintiff was riding as a passenger and a motor car driven by defendant it is held there was sufficient evidence to sustain a judgment in plaintiff's favor.

2. SAME—*Request for Separation of Witnesses Denied—No Abuse of Discretion*. Before any testimony was offered the defendant asked to have the rule enforced as to plaintiff's witnesses, but for the reason that defendant's witnesses had not appeared, the court refused to enforce the rule until they were present. *Held,* there was no abuse of discretion in the ruling nor in the refusal of the court to continue the case until defendant's witnesses could be present.

3. SAME—*Evidence of Physician—Improper Cross-examination*. A physician, called merely for the purpose of identifying X-ray plates made by him showing a fracture of both bones of one of plaintiff's legs, testified that he did not know whether the fracture had been reduced before the plates were made, and that he could not say whether or not it was a compound fracture. *Held,* that an objection to a question on cross-examination calling for his opinion whether or not a compound fracture could be reduced the same as any other kind was properly sustained.

4. SAME—*Remarks and Rulings of Trial Court Not Prejudicial*. Remarks made by the court in the trial of a case and other rulings in respect to evidence considered and held not to be prejudicial.

Appeal from Wyandotte district court, division No. 3; WIL-
LIAM H. McCAMISH, judge. Opinion filed April 9, 1921. Af-
firmed.

A. J. Herrod, H. S. Roberts, both of Kansas City, and H. G.
Pope, of Kansas City, Mo., for the appellant.

Arthur J. Stanley, Guy E. Stanley, both of Kansas City,
William G. Lynch, John M. Kennedy, and Horace Guffin, all of
Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a judgment in plaintiff's
favor for damages for injuries resulting from a collision be-
tween a motorcycle on which plaintiff was riding and a motor
car driven by the defendant.

The plaintiff's evidence showed the following facts in sub-
stance: The accident occurred in Kansas City, Mo., on the
afternoon of May 25, 1919. A fellow workman, one Friberger,
invited plaintiff to ride home as a passenger on his motorcycle.
Twenty-fifth street runs east and west and is crossed by South-
west Boulevard, which runs northeast and southwest. The
motorcycle was being driven on the right of the center of
Twenty-fifth street near the intersection of that street and
Southwest Boulevard; the defendant was operating his auto-
mobile in a northeasterly direction on the Boulevard and driv-
ing to the left of the center, and when he reached the intersec-
tion of the two streets, failed to make a proper turn, and negli-
gently drove his automobile with great force and violence
against the motorcycle, overturning it and injuring the plain-
tiff.

Each party, as usual in such accidents, claims that the other
was in fault, and each contends that the other violated or-
dinances of the city which require motor cars and vehicles to
be driven on the right of the center of a street, and prohibit
a higher rate of speed than ten miles an hour at a street inter-
section. There was a sharp conflict in the evidence, but the
special finding to the effect that just before the accident oc-
curred plaintiff was giving attention to the manner in which
the motorcycle was being driven is sustained by his testimony
that he knew they were on the right side of the center of the

street and that the motorcycle was going slow, and further, by evidence that immediately before the accident the motorcycle was passed by another car. There was evidence to sustain the special finding that defendant did not do everything in his power to avoid the collision and that he was negligent in failing to make a proper turn at the intersection of the two streets. This disposes of the merits of the case.

The principal contention is that the trial court was prejudiced against defendant, abused its discretion by making improper remarks in the presence of the jury, and in many other respects prevented the defendant from having a fair trial. After the opening statements of counsel for the parties and before any testimony had been introduced the defendant asked to have the rule enforced as to witnesses, but for the reason that defendant's witnesses had not appeared, the court refused to enforce the rule until they were present. The court might have enforced the rule as to plaintiff's witnesses and might have ordered that when defendant's witnesses appeared the rule should be enforced as to them. Neither the refusal to enforce the rule nor the refusal to adjourn the trial until defendant's witnesses could be present can be held an abuse of discretion.

The plaintiff called an X-ray specialist who produced photographs showing a fracture of both bones of the right leg of plaintiff, which were taken the day following plaintiff's injury. These were introduced in evidence. On cross-examination the witness said that he did not know whether the fracture had been reduced before the plates were made and could not say from the plates whether the fracture was a compound one or not. The court sustained an objection to a question calling for his opinion as to whether a compound fracture could be reduced the same as any other kind of a fracture. The ground of the objection was that it was not proper cross-examination. Although the witness was a physician, he was called merely for the purpose of identifying the plates made by him and the ruling was correct.

On cross-examination of one of plaintiff's witnesses she testified that she had been in court as a witness for plaintiff three days without a subpoena and was laying off from her work. The counsel for the defendant then inquired whether the plain-

tiff's attorneys had agreed to pay her for coming to the Kansas side to testify. In sustaining an objection the court said:

"In order to save time, I will simply say to the jury, a person cannot be compelled to come from Missouri by subpœna; there is no use taking up the time; it is immaterial whether she came on a subpœna, and as to whether she is receiving any compensation outside of her witness fee or anything of that kind, I presume that is a competent question. If it refers to witness fees, it is immaterial."

It is seriously insisted that this showed that the court was prejudiced against the defendant. We think, in view of the fact that the statement gave an opportunity to defendant to show by proper questions whether the witness was to receive any compensation aside from the usual witness fees, the defendant could not have been prejudiced by the remarks of the court. There is no merit in the contention that the motion to discharge the jury should have been sustained because of voluntary remarks made by the court during the progress of the trial.

The defendant's attorneys after obtaining written statements from some of plaintiff's witnesses took their depositions in Kansas City, Mo., and the depositions were on file at the time of the trial. The witnesses, however, were in attendance and testified. A great deal of unnecessary time was taken in the cross-examination of these witnesses in an attempt to show contradictions between their testimony and their former statements. The court permitted an extensive cross-examination for this purpose, but endeavored to hasten the trial and manifested some impatience at the persistence of counsel in going over the same matters. We discover no error in the rulings respecting this cross-examination.

An objection was sustained to the introduction of the depositions which were offered for the avowed purpose of impeachment. The witnesses gave their explanations as to how the contradictions occurred and the evidence went before the jury, which passed upon the weight of the evidence and the credibility of the witnesses. Section 358 of the civil code provides that when a deposition is offered to be read in evidence it must appear to the satisfaction of the court that for any cause specified in section 337, the attendance of the witness cannot be procured. It cannot be held, therefore, that the depositions themselves were admissible.

A young woman, who witnessed the accident and who testified for the plaintiff, after being cross-examined with respect to her statements was asked on redirect examination what the attorney for the defendant said when he asked her to make the statement. Her testimony was that she asked him if he was an attorney for the defendant and that he answered that he represented the insurance company. It is insisted that this was prejudicial error and that the answer should have been stricken. The question was not improper, and any representations the attorney made at the time he procured the statement were competent. Moreover, the defendant can hardly complain of what his attorney said to the witness when asking for her statement.

We fail to discover any prejudicial error in the rulings of the trial court and the judgment is affirmed.