**RIVES et al. v. ADA ELECTRIC & GAS CO.**

No. 11409—Opinion Filed June 19, 1923.

Rehearing Denied July 24, 1923.

1. **Appeal and Error — Burden to Show Prejudicial Error — Excusing Witness From Rule.**

Where the court orders the rule to exclude the witnesses in the trial of a case, and excuses a witness from the rule, and this act of the court is objected to on the ground that the witness excused is an interested witness, it is not enough on appeal to show error of the court and refute the presumption of the court's sound discretion by insisting that the witness should have been excluded because the rule was invoked and the witness was interested, but it must be shown that the interest was an active interest, manifesting itself in word, deed, or testimony to the injury of complainant's cause and the word, deed, or testimony must be pointed out.

2. **Election of Remedies—Trial Amendment of Bill of Particulars to Include New Parties.**

Where the plaintiff brings suit against one party in justice court and other parties are made defendants by order of court, and file answer, and the case is tried, and at the close of the testimony plaintiff, by leave of court, amends his bill of particulars alleging liability. against all the defendants, this is the exercise of a right given under the law, and does not involve the doctrine of election of remedies.

3. **Same—Change of Theory on Appeal to County Court—Validity of Bill of Sale.**

Where the record shows that the plaintiff filed suit against one defendant in the justice court, and other parties were made defendants upon motion of the one defendant, and they file answer to the bill of particulars, denying liability and pleading a bill of sale in which the consideration expressed absolves them from liability, and plaintiff does not reply, and the cause is tried to a jury, and at the close of the evidence plaintiff, by leave of court, amends his bill of particulars fixing liability upon the new defendants, and asks and obtains judgment against them all, and no appeal by the new defendants to the county court the plaintiff files reply to the amended answer of the last defendants, denying the validity of the bill of sale, and pleading verbal contract subsequent to the bill of sale contract by which the defendants become liable and bound to pay his claim, this court cannot say the plaintiff changed his theory of the case in the county court from what it was in the justice court.

4. **Pleading — Bill of Particulars — Sufficiency — Contracts.**

Where the record shows as above, the bill of particulars is good against a demurrer on part of the defendants.

5. **Appeal and Error—Review—Conflicting Evidence—Verdict.**

Where the issues are as above stated and the liability of the defendants turns upon the question as to whether the defendants appealing bought a certain picture show from the first defendant the action was commenced against, by a bill of sale contract or by a verbal contract subsequent to the bill of sale contract, and the evidence is conflicting on this point in the trial of the case and the jury returns a verdict for the plaintiff, the same will not be disturbed on review before this court.

6. **Judgment—Interest—Presumptions from Verdict—Justice of the Peace Jurisdiction.**

Where the account sued on is within the jurisdiction of the justice of the peace and interest is claimed which when added to the amount sued for makes more than $200, and the jury returns a verdict for a lump sum, which is over $200 and within the amount sued for, including interest, and for interest from date of verdict, the presumption is that the amount of the verdict includes the

inteı est, and it is proper for the court, where the pleadings, facts, and circumstances of the case furnish the date, to explain the verdict and reconcile same to the jurisdiction of the court and render judgment thereon accordingly.

### 7. Contracts—Benefit of Third Person—Right to Enforce.

Where a party is indebted to another and he contracts with a third party, upon a consideration that the third party will pay the indebtedness, this contract is sufficient basis for the first party to bring action and recover against the second and third parties.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Pontotoc County; Orel Busby, Judge.

Action by the Ada Electric & Gas Company against C. H. Rives and others. Judgment for plaintiff, and Rives and another bring error. Affirmed.

L. H. Green, for plaintiffs in error.

J. F. McKeel, for defendant in error.

Opinion by THREADGILL, C. This is an appeal from the county court of Pontotoc county, Okla. The defendant in error, hereinafter called plaintiff, on May 19, 1919, brought suit against J. F. Painter on two claims, one for $173.17 with six per cent. interesᵗ from February 1, 1918, and another for $23.22 and six per cent. interest from September 1, 1918. The said J. F. Painter filed a motion asking the court to make C. H. Rives and R. A. Herndon parties defendant in the action. As grounds for said motion he states that he sold a certain picture show to the said Rives and Herndon to satisfy his indebtedness of $150, to them as rent, and the further consideration of the debts incurred by him to the plaintiff and other persons, which indebtedness would have aggregated the sum of about $400. The court made an order sustaining the motion. The plaintiff amended its bill of particulars by leave of court as follows:

"Plaintiff further alleges that defendant Painter sold his picture show to C. H. Rives and R. A. Herndon in consideration of their promise to pay this debt."

The said Rives and Herndon were brought into court by summons and filed their answer consisting, first, of a general denial, and, second, they pleaded a bill of sale, in writing, in the purchase of the picture show from J. F. Painter and wife, Mrs. J. F. Painter, the consideration therein expressed being $1, and the further consideration of the indebtedness of rent that Painter owed

them, and third, that any verbal agreement, under the statute of frauds, would not bind them to answer for the debts of said Painter. The said defendant Painter filed an answer, admitting the indebtedness of the plaintiff and admitting liability and stating that the defendant R. A. Herndon, on the 27th day of November, 1918, came to his residence where he was sick and obtained a bill of sale from him and his wife for the picture show and for the sole purpose of enabling Herndon to sell the picture show owned by the said J. F. Painter, and the proceeds of the sale to be used for paying all the indebtedness upon the same. He states further that a short time after Herndon received the bill of sale he again came to his house and claimed that he could not make the sale, that the woman he had in view to sell the picture show to refused to purchase, and then Herndon proposed to purchase the show himself, and that he sold the picture show to Herndon and the contract of sale and purchase was a verbal contract. That after the verbal agreement was made in which he sold the picture show to Herndon on consideration that Herndon would pay all indebtedness against it, which he alleged was less than $400, Herndon retained the written bill of sale that he and his wife had previously executed in his possession and that Herndon, for himself and C. H. Rives, whom he claimed to be his partner, promised and agreed to pay all indebtedness against the picture show including the rent due himself and Rives.

The cause was tried in the justice court upon these issues and resulted in a judgment in favor of the plaintiff and against the defendants. Rives and Herndon took an appeal to the county court, Painter did not, and in the county court the defendants, Rives and Herndon, filed a demurrer to the "bill of particulars, records and files," in said cause, on the ground that a cause of action was not stated against them, which was overruled by the court, and by leave of court the defendants filed an amended answer, which was in substance the same as filed in the justice court, with an additional allegation that the plaintiff was not the party in interest to bring this suit against them.

Tʰe plaintiff replied to ʰis amended answer, which ʳeply consisted, first, of a general denial, and, second, if admitted that a bill of sale to the picture show in writing was execuᵗed by the Painters to Rives and Herndon, but denied that the true consideration was $1 as stated in the bill of sale; and alleged that the true consideration for

the picture show included the payment of all debts against the said defendant, Painter, on account of said picture show outfit, and that Rives and Herndon specially agreed to pay the claims of the plaintiff against the defendant, Painter, being the claims sued on. It further states that the promise on the part of Rives and Herndon to pay its claims in the picture show transaction was not a collateral agreement but was a direct agreement based upon a definite consideration and that said agreement was not governed or controlled by the statute of frauds. Upon the issues as thus stated the cause was tried to a jury in the county court on the 23rd day of October. 1919, and resulted in a judgment in favor of the plaintiff. The defendants filed motion for a new trial which was overruled by the court and the cause is brought her by petition in error and case-made to reverse said judgment.

The plaintiff (defendant in error) presents a motion in its brief under rule 26 of this court to dismiss the appeal on the ground that the defendants (plaintiffs in error) failed to set out an abstract or abridgement of the transcript, disclosing all the evidence of facts to such an extent that a reference to the record will not be necessary by the court, but since said rule provides that the appellee may correct any omissions, or inaccuracies and the briefs of both parties, in this case taken together, contain a sufficient statement under said rule for all purposes, this court does not think that the motion should be sustained and the said motion is overruled.

1. In the first place, the defendants complain that the court abused its discretion in refusing, at their request, to exclude the witnesses J. F. Painter and his wife from the court room "under the rule" during the trial of the case, and they cite as authority for their contention the following cases: Salisbury v. Commonwealth. 79 Ky. 425; People v. Burns, 67 Mich. 537. 35 N. W. 154, 155; State v. Davis 48 Kan. 1, 28 Pac. 1092; First National Bank v. Knoll (Kan. App.) 52 Pac. 619; Jemison v. Gray. 29 Iowa, 537.

We have examined these authorities and we can not see where they support the defendants' contention. Salisbury v. Commonwealth, supra, was a murder case, and the father-in-law of the deceased, being the prosecuting witness, was allowed to stay in the court room, after the rule was invoked, over the objection of the defendant, and he testified after other witnesses had testified, agreeing with them in certain material points, and the court held that this witness should have been excluded on the ground that this witness, because of his interest in the case and the revenge he might entertain in his heart against the defendant, would cause him to agree with other witnesses in matters of which he had no knowledge himself. If this witness had testified before the other witnesses complained of, or if he had testified to a statement of facts not testified to by the other witnesses, then there would have been no ground for complaint.

People v. Burns, supra, was a criminal case and is clearly against the defendants' contention. Paragraph 2 of the syllabus is as follows:

"The exclusion of a witness for the people from the court room during the examination of other witnesses is a matter entirely within the discretion of the court."

In the body of the opinion we have the following language:

"Upon the trial the prosecuting attorney upon the examination was allowed to have the detective who had caused the arrest of the respondent to sit by his side and suggest to him facts relating to the testimony, as he had ascertained them in ferreting out the case. This was assigned as error, inasmuch as the respondent had asked for the exclusion of the detective, who was a witness for the people, while the other witnesses were examined. This was a matter entirely within the discretion of the trial court, and the record discloses no abuse of that discretion."

State v. Davis, supra, is also a criminal case, and the court states the law applicable to witnesses under the rule in the syllabus as follows:

"(3) In such a prosecution where the defendant requests a separation of the witnesses but no special reasons are given, the Supreme Court cannot see that the trial court so abused its discretion as to commit material error by its refusal to grant the defendant's request."

And in the body of the opinion the court says:

"Such requests will generally be granted by a trial court and yet the matter rests almost wholly within the sound judicial discretion of such court. The trial court, in the present case, exercised its discretion and we cannot see that it abused its discretion and, therefore, we cannot see that it committed any material error by its refusal. No special reasons were given why the witnesses should be separated."

We have examined the case of First National Bank of Russel v. Knoll, supra, and we do not find where it has any application

to the contention of the defendants. In the case of Jemison v. Gray, supra, which was a civil case, the rule as stated in the syllabus is as follows:

"The exclusion of a defendant, whom it is proposed to introduce as a witness, during the examination of his codefendants, will not operate to reverse the case where it is not shown that prejudicial error resulted therefrom."

And in the body of the opinion the court states the rule of the common law as follows:

At common law, the granting of an order for separate examination of witnesses was in the discretion of the court.

The only reasons the defendants give for their contention are that the witnesses. Painter and his wife, were interested witnesses; that the judgment in favor of the plaintiff was against J. F. Painter in the justice court, and that the rule had been invoked by the defendants to exclude all the witnesses. They do not undertake to show in what particular the defendants Rives' and Herndon were prejudiced or suffered injury by these witnesses being excluded from the rule. It is not enough that the witnesses are interested, but this interest must be active, manifesting itself in some definite manner to the prejudice of the complainants, and since they do not point out any act, word, or testimony on the part of the Painters by which their cause was prejudiced, the presumption is in favor of a sound and reasonable discretion on the part of the trial court. Simpson v. Schiff (Kan.) 197 Pac. 857; Leache v. State (Tex.) 3 S. W. 541; 38 Cyc. 1369-1371.

2. In the second place, defendants complain that the county court permitted the plaintiff, over the objections of the defendants, to change its theory in prosecuting its action in the county court from the theory it maintained in the justice court.

The defendants say in their brief:

"There can be no question but what the case was tried in the justice court upon the theory that there was a written bill of sale given by Painter to Rives and Herndon for the show in consideration of one dollar and the liquidation of the indebtedness that Painter owed them for rent and that this written agreement was superseded or altered by a subsequent oral agreement."

It was the contention of the plaintiff that in the prosecution of the case, in the justice court, the bill of sale, claimed by the defendants, was obtained for the purpose of making a sale of the picture show for Painter to pay the debts of the show business,

and having failed to make the sale, and subsequently to the date upon which the bill of sale was executed, the said defendants bought the picture show themselves by a verbal contract in which they agreed to pay all of the indebtedness of J. F. Painter against the show. These were the contentions of the parties as shown by the record in opening the trial in the county court.

We cannot determine what was said and done in the prosecution of the action in the justice court except as shown by the record. This record shows that the plaintiff filed its bill of particulars in the justice court against J. F. Painter, and by order of the court, Rives and Herndon were made parties defendant, and they filed their answer to the bill of particulars and to the motion of Painter, in which they denied liability, and set up, as a further defense, that they bought the picture show outfit from J. F. Painter for a consideration of $1 and rents owing them for the building where the picture show was located, and that this bill of sale was the only contract of purchase between them and J. F. Painter, and they further pleaded that if any verbal agreement was made, relative to the purchase, which they deny was made, it would not be binding on them under the statute of frauds unless the same was in writing or executed at the time of the agreement. These were the issues between the plaintiff and the defendants Rives and Herndon when the case was tried in the justice court. At the end of the testimony, and before the case was submitted to the jury, the plaintiff, by leave of court, was permitted to amend its bill of particulars by adding the following: "The plaintiff further alleges that defendant Painter sold his picture show to C H. Rives and R. A. Herndon in consideration of their promise to pay this indebtedness."

We cannot see any conflict in the issues, as revealed by this record, in the justice court with the issues in the county court.

If the plaintiff had filed a reply in the justice court we could then determine very clearly as to the issues in the justice court, but the plaintiff did not have to file a reply, and since the record in the justice court does not show any conflict in the contention of the parties in the county court, the presumption is that the issues were not changed and the theory of the plaintiff was the same in the county court as in the justice court.

The defendants contend that the bill of sale obtained by them from Painter, being a written contract and expressing a definite consideration, could not be changed by a subsequent verbal agreement without the same

was executed at the time of the agreement, as stated in section 942, Revised Laws of 1910; and we recognize this as the law in cases where there is a written contract between the parties, and this law would be applicable to the case under consideration if the defendants' contention and theory of the case was conceded, or if the proof showed that their contention was correct, but if the plaintiff's contention is correct—that Painter sold his picture show to Rives and Herndon in an agreement subsequent to the bill of sale transaction and separate and apart from said transaction and the proof showed this contention to be correct—then the said statute would not be applicable.

The defendants further contend that No. 2 of the court's instructions to the jury is erroneous, which is as follows:

"You are instructed that if you find that the bill of sale from J. F. Painter to R. A. Herndon and C. H. Rives, marked Defendants' Exhibit 'A,' introduced in evidence is the only contract of sale between J. F. Painter and R. A. Herndon and C. H. Rives, conveying the picture show in question, then plaintiff could not recover from defendants, on the amount sued on.

'But on the other hand if you find from a preponderance of the evidence that the defendant, R. A. Herndon, negotiated for the purchase of said show subsequent to the bill of sale introduced, and in fact later purchased said show from J. F. Painter, under a different agreement, and that it was agreed between said R. A. Herndon and J. F. Painter that, as part of the consideration for the purchase price of said show, that said Herndon & Rives would pay the indebtedness of said J. F. Painter to the plaintiff, then you will find for the plaintiff in the amount sued for, and against the defendants, R. A. Herndon & C. H. Rives, otherwise you will find for the defendants."

We have examined the testimony of the witnesses as set out in the briefs of the plaintiff and defendants, and as contained in the record in the trial of this case and we find the same conflicting. J. F. Painter and his wife testify that the bill of sale was given for the purpose of authorizing Herndon to sell the picture show for them and pay their debts against it, and a few days after they executed the bill of sale he reported to them that he could not make the sale, and then he offered to buy the picture show for himself and his partner, Rives, and agreed that as a consideration they would pay the debts against the show, including the debt owing to the plaintiff. R. A. Herndon testified in substance that the bill of sale contract in buying the picture show was the

only agreement had between him and J. F. Painter. He denied that there was any subsequent agreement. He admitted, however, that he had paid all the debts against the picture show, itemized by Painter in his testimony, except the indebtedness claimed by the plaintiff in this action. The instruction complained of was based upon the issues and this testimony. The jury heard the testimony, the instructions of the court, and returned a verdict in favor of the plaintiff, and under the well established and oft repeated rule of this court, that where the jury hears the testimony and returns a verdict in favor of one of the parties, and there is any testimony tending to support the verdict, this court will not disturb the same. Reaves v. Reaves, 15 Okla. 240, 82 Pac. 490; Hartley v. Riley, 85 Okla. 101, 201 Pac. 920; Nelson v. Golden, 84 Okla. 29, 202 Pac. 308; Aetna Bldg. & Loan Ass'n v. McCarty et al., 78 Okla. 187, 189 Pac. 357.

3. In the third place the defendants complain that the verdict of the jury and the judgment of the court are in excess of the court's jurisdiction. The verdict of the jury was as follows:

"We the jury drawn, impaneled and sworn in the above entitled cause do upon our oaths find for the plaintiff and against defendants in the sum of $215.90 and costs."

And the court rendered judgment as follows:

"By reference to the bill of particulars, the court finds that this action was brought by the plaintiff against the defendants for the recovery of the sum of $173.18 and six per cent. interest from February 1, 1918, until paid, and the sum of $23.22 and six per cent. interest from September 1, 1918, until paid, and the court finds that the said sums with six per cent. interest added amount to the sum of $215.90,—the amount for which a verdict is returned or, in other words: The court finds that the amount found by the jury in their verdict is the exact amount sued for, plus interest to this date, and said verdict of the jury is hereby approved by the court.

"Wherefore, it is ordered, considered, adjudged and decreed by the court that Ada Electric & Gas Company, a corporation the plaintiff herein, do have and recover of and from the defendants, R. A. Herndon, and C. H. Rives, and from each of them, the sum of $215.90, together with six per cent. interest on the same from this date, until paid, and the cost of this suit; for all of which let execution issue in due course."

The action was based upon two counts, one for $173.18 with six per cent. interest from February 1, 1918, until paid, and the

other $23.22 with six per cent. interest from September 1, 1918, until paid. The itemized accounts were verified, and their correctness and the claim for interest were not denied. Under the Constitution of this state, section 18, article 17, it is provided:

"Justices of the peace shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed $200, exclusive of interest and costs."

The plaintiff contends that the verdict included the interest claimed by it, and is not in excess of the constitutional provision; that the judgment explains the verdict and reconciles it to the jurisdiction of the court, and that the court had the right to explain the verdict according to pleadings, facts, and circumstances, and render judgment accordingly.

If there is any authority for this contention, this verdict and judgment can be sustained, otherwise it cannot. In Myers v. Hubbard et al., 80 Okla. 97, 194 Pac. 433, in an opinion rendered by Mr. Justice Kane, it is stated in paragraph 9 of the syllabus:

"The court in entering judgment may make the judgment speak the finding of the jury where their intention is manifest from the verdict rendered."

And in the body of the opinion, at page 435, it is stated:

"Plaintiff also contends that the jury failed to find the value of the wheat in their verdict. While it is true that the verdict in the form in which it was rendered did not state specifically the value of the wheat, the court in rendering judgment had a right to make the judgment speak the finding of the jury where their intention was manifest from the verdict rendered."

In the case of Blackwell, Enid & S. W. R. R. Co. et al. v. J. J. Bebout, 19 Okla. 63, 91 Pac. 877, this question was discussed in an opinion rendered by Chief Justice Burford, and the following rule announced:

"In a case tried by a jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of allowance of interest until after verdict and it is clearly ascertained from the verdict or uncontroverted facts the dates from which and to which interest should be allowed, and the rate is fixed, the court may make the computation and add the interest so found to the sum found in the verdict, and render judgment for the aggregate amount."

Under these decisions it is clear that the court had authority to explain the general verdict rendered by the jury and the bill of particulars and itemized accounts, and the facts and circumstances of the case furnish ample information for the judgment of the court as based upon the jury's verdict.

There were two counts set out and stated in the bill of particulars, one, for the sum of $173.18 with six per cent. interest from February 1, 1919, until paid, and the other for $23.22 with six per cent. interest from September 1, 1918, until paid. The case was tried and the verdict returned on October 23, 1919, and computing the interest claimed on the two items, amounts to four cents less at that date than the exact amount due, and this is the finding of the court in the judgment. The jury could have returned a verdict on each count for a lump sum, not exceeding, with interest, the amounts sued for.

The court is authorized, in explaining and correcting the verdict on each count for a lump sum, not exceeding, with interest, the amount sued for.

The court is authorized, in explaining and correcting the verdict of the jury, and in rendering judgment, to take into consideration the presumption of law in favor of a general verdict containing the interest, where interest is claimed, and in such a case the court is not authorized in adding interest prior to the date of the verdict.

This was held in Blackwell, E. & S. W. Ry. Co. v. Bebout, 19 Okla. 63, 91 Pac. 877.

The fourth paragraph of the syllabus reads as follows:

"Where the person in whose favor a verdict is rendered is entitled to interest, and there is nothing in the record from which it can be determined whether or not the jury took into consideration the matter of interest in fixing the amount of their award, it will be presumed that they included interest."

In Wyant v. Beavers, 63 Okla. 68, 162 Pac. 732, it is stated in the syllabus:

"Where judgment of the court must follow the verdict and where the verdict is general and for a sum in gross, and the question of interest was not reserved by the court, and there is nothing in the record to indicate that the jury omitted interest, it will be presumed that it is embraced in the amount of their finding, and the court cannot add interest to the amount found by the verdict of the jury."

In 23 Cyc., page 799, it is stated:

"If plaintiff is entitled to interest on his claim or demand, it should be found by the jury and included in their verdict, and the

verdict is sufficient in this respect if, without specifying the amount of the interest allowed, it contains data from which it can be calculated with certainty and precision."

In the case of Mills v. Mills, being a Kansas case, 18 Pac. 521, the verdict was rendered just as plaintiffs in error contend it should have been, that is, the verdict was for $250 and seven per cent. interest from August 11, 1885, and the judgment rendered March 29, 1886, was for $261, which amount was to draw interest from date of judgment. The court, in passing on an objection to this verdict, says:

"It would have been more formal if the jury had computed the interest and included it in their verdict."

We are persuaded that the constitutional rights of the defendants were not violated by the verdict of the jury in this case and the judgment of the court based thereon, and the complaint and contention of defendants on this point are not well taken.

5. In the fifth place the defendants complain that the court erred in overruling their demurrer to the testimony of the plaintiff, and refusing to direct a verdict in favor of the defendants and against the plaintiff at the close of the trial, and then plaintiffs in error in their brief proceed to discuss the election of remedies and complain, as we understand their contention, that since the plaintiff commenced its action in the justice court against the defendant Painter, it should not be allowed to amend its bill of particulars and ask for judgment against Rives and Herndon, as well as Painter. They contend that having elected to bring suit against Painter, it was inconsistent to amend the bill of particulars and ask for judgment against all three of the defendants. We are unable to see where the doctrine of election of remedies is involved in this connection. The term "remedy," as defined by Words and Phrases in volume 4, page 200, "signifies the judicial means of enforcing a right or remedying a wrong."

The election of a legal remedy is a choice between two different things. Pope, Legal Remedies, vol. 1, page 451, and the same author on page 452 makes the following statement:

"The basis of the doctrine of election as applied to inconsistent remedies is where there is by law or contract a choice between two remedies, which proceed upon two opposite and irreconcilable claims of right. The one taken must exclude and bar the prosecution of the other."

The plaintiff in bringing suit against one party and before judgment including other parties, alleging a common liability, does not violate the doctrine of the election of remedies as above defined.

We cannot see how the cases cited by the defendants in their brief can be applied to the facts in this case. The case of M. D. Armstrong Music Co. v. Boyson, 77 Okla. 55, 185 Pac. 828, was a case in which the action was in the alternative; that is, the plaintiff was in doubt as to which one owed him (as stated in defendants' brief). But the case we are considering is a case in which the plaintiff at the time it was permitted to amend its bill of particulars was not in doubt as to the liability of the parties. He claimed that all three of the defendants were liable and on this theory, according to the record, the case was tried in the justice and the county courts, and judgment had in favor of the plaintiff. It did not change the remedy in the prosecution of the action, but added new parties, that its remedy might be more effective.

6. In the sixth place, the defendants complain that the court erred in overruling their demurrer to the plaintiff's testimony at the close of the evidence, and overruling their motion for a directed verdict in their favor. The defendants claim that the plaintiff had no right to bring suit against them by amending its bill of particulars after bringing suit against J. F. Painter. They claim that the testimony was not sufficient to make out a case for plaintiff; that the court should not have allowed any testimony taken; that the bill of particulars did not state a cause of action against them; that the plaintiff was not the proper party in interest to sue them, under the facts alleged, and the court had no jurisdiction; all of which objections and complaints have been answered above except the question as to the right of the plaintiff to bring suit against them based upon the amendment to the bill of particulars. This question is fully settled in favor of the plaintiff in the following cases: Eastman Land & Investment Co. v. Long Bell Co., 30 Okla. 555, 120 Pac. 276; Staver Carriage Co. v. Jones, 32 Okla. 713, 123 Pac. 148; Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858; Smith v. Jos. W. Moon Buggy Co., 66 Okla. 333, 169 Pac. 875; Baker-Hanna-Blake Co. v. Paynter-McVicker Grocery Co., 73 Oklahoma, 174 Pac. 265.

The judgment is affirmed.

7. It is further alleged by the plaintiff (defendant in error) that this court render judgment against the surety, F. J. Stafford, on the supersedeas bond for the sum of $215.90 with six per cent. interest thereon from

the 23rd day of October, 1919, until paid. The judgment of the trial court was rendered on the 23rd day of October, 1919, and for the sum of $215.90 and it is provided therein that such judgment shall bear interest therefor at the rate of six per cent. from that date till paid. Judgment, therefore, is hereby entered in this court against F. J. Stafford, the surety, on the said appeal bond in the sum of $215.90, with interest thereon at the rate of six per cent. per annum from the date of said judgment until paid, and for costs, and for all of which let execution issue.

By the Court: It is so ordered.