## PHARAOH & CO. v. SIES et al.

No. 26276. Jan 14, 1936.

*Rehearing Denied Feb. 4, 1936.*

James C, Wright and G. L. Bynum, for plaintiff in error.

H. A. Stanley, for defendant in error.

PER CURIAM. Defendant in error, plaintiff below, brought an action against plaintiff in error, defendant below, for money judgment in the amount of $45.50 for repairs upon a steam shovel belonging to defendant. The parties will be referred to as they appeared in the trial court. A jury was waived and the issues submitted to the court. A judgment was rendered in favor of the plaintiff and against the defendant in the amount prayed for.

In a law action, where a jury is waived, and the cause tried to the court, the judgment will not be disturbed on appeal if there is any competent evidence that reasonably tends to support the judgment. Tulsa Stove & Foundry Co. v. Karchmer, 144 Okla. 63, 289 P. 737; Gooldy et al. v. J. B. Klein Iron & Foundry Co., 170 Okla. 466, 40 P. (2d) 1070.

The evidence introduced in the trial court, directly or by fair inference. established these facts. The defendant had a road contract during the summer of 1933 in Johnston county, Okla. It employed a shovel operator named Yoakum in carrying on this work. Yoakum had charge of a shovel belonging to defendant. Plaintiff was conducting a machine shop in the city of Ardmore. Jameson, one of the partners, knew Yoakum and had seen him working on defendant's road job. Yoakum came to plaintiff's shop with parts of the shovel for the purpose of having certain repairs made there. Plaintiff made these repairs and sent a statement thereof, as per Yoakum's directions, to the defendant at its home office in Henryetta, Okla. No response was made by the defendant. About three months thereafter Jameson personally visited the defendant's office in Henryetta and requested payment of the account in controversy, but payment was refused because a purchase order for said repairs was not presented by plaintiff. The defendant admitted Yoakum worked on the shovel in question and checked same for the purpose of determining what repairs were needed. It presented no testimony to deny that it got the benefit of the repair work in question. It relied solely upon its asserted practice that no account against it would be recognized unless a purchase order signed by an authorized representative of defendant was presented.

We conclude that there was sufficient evidence before the trial court to support its judgment. A servant, acting in an emergency, in the absence of his principal, and for the protection of the principal's interest, may frequently do things transcending his usual authority that will, in the particular circumstances, be deemed to be authorized. Brownell v. Moorehead, 65 Okla. 218, 165 P. 408.

Agency may be implied from the conduct of a party in a single transaction, and from the circumstances of a particular case. Mounts v. Boardman Co., 79 Okla. 90, 191 P. 362; Smith v. Cornwell & Chowning Lbr. Co., 101 Okla. 86, 223 P. 154. It is elementary that a principal is bound if the agent acts in the scope of his actual or apparent authority. M. B. Armstrong Music Co. v. Boysen, 77 Okla. 55, 185 P. 828; Nowata Oil Syndicate v. Commercial Natl. Bk., 93 Okla. 6, 219 P. 339. Apparent authority of an agent is a question of fact and is to be gathered from all the circumstances and facts in evidence. Ricker Nat. Bank v. Stone, 21 Okla. 833, 97 P. 577.

Having received the benefits of the plaintiff's services, the defendant should respond for the cost thereof. One who leads, by his conduct, an innocent party to rely upon the appearance of another's authority to act for him will not be heard to deny the other party's agency, to the prejudice of the one who sustained a detriment. United States Fidelity & Guaranty Co. v. Shirk, 20 Okla. 576, 95 P. 218; Midland Savings & Loan Co. v. Sutton, 30 Okla. 448, 120 P. 1007.

The judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys I. J. Underwood, Eben L. Taylor, and C. S. Walker in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Underwood and approved by Mr. Taylor and Mr. Walker, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.