HORTON v. BENSON et al. (No. 566–4313.)

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

1. Highways ⊗⇒184(2) — Burden of proving plaintiffs' contributory negligence properly placed on defendant.

In action for injuries sustained in collision with truck, court properly placed burden of proof as to issue of plaintiffs' contributory negligence in running into truck on defendant, where there was nothing in plaintiffs' pleadings or in the evidence to raise a suspicion that plaintiffs were negligent in turning suddenly to the right in the road at the time of the collision.

2. Trial ⊗⇒229 — Where court in preliminary charge correctly defined negligence, it was unnecessary to repeat definition in connection with individual issues.

In an action for personal injuries sustained in collision with truck, where court in his preliminary charge correctly defined negligence as that term was used in charge, it was unnecessary to repeat definition in connection with individual issues.

3. Trial ⊗⇒365(2) — Special issue not erroneous as requiring driver to have seen or heard defendant's warning before contributory negligence could be found.

In an action for personal injuries sustained in collision with truck, special issues held not erroneous, as requiring plaintiff to have seen or heard warning given by truck driver before he could be found guilty of contributory negligence, in view of special issues submitted as to whether driver was contributorily negligent in failing to keep lookout for obstructions in road.

4. Appeal and error ⊗⇒1004(1) — Commission of Appeals has no jurisdiction to review excessiveness of verdict.

Commission of Appeals has no jurisdiction to review excessiveness of verdict.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Grover C. Benson, Sr., and others against George F. Horton. Judgment for plaintiff was affirmed by the Court of Civil Appeals (266 S. W. 213), and defendant brings error. Affirmed.

Sewall Myer and Ball & Merrill, all of Houston, for plaintiff in error.

W. J. Walden and Fulbright, Crooker & Freeman, all of Houston, for defendants in error.

SPEER, J. [1] This cause is before us upon writ of error granted to the judgment of the Court of Civil Appeals affirming the judgment of the trial court for plaintiffs in a personal injury suit brought by defendants in error against plaintiff in error. 266 S. W. 213. The first and second assignments of error present the question of burden of proof as to the issue of plaintiff's contributory negligence in running into a truck standing on the right-hand side of the road at night where there was nothing to obstruct the view, claiming that under plaintiffs' pleadings and evidence the burden should have been placed upon plaintiffs to free themselves of the imputation of negligence. This matter was correctly decided by the Court of Civil Appeals. There was nothing in the plaintiffs' pleadings or in the evidence to raise a suspicion that plaintiffs were negligent in turning suddenly to the right in the road at the time of the collision. In short, as indicated by the pleadings and the plaintiffs' evidence, the driver of plaintiffs' car could have done nothing else under the circumstances. According to plaintiffs' pleadings and evidence, their car was proceeding at a reasonable rate in a proper part of the road, and upon meeting a lighted car turned seasonably to the right in order to pass it. This certainly was not prima facie negligence, but would appear to be a proper thing to do. Nor was the charge placing the burden of proof upon the defendant calculated at all to mislead the jury with respect to its duty to consider all the testimony in the case bearing upon that issue. The trial court expressly instructed them they should do this very thing.

[2] Neither was there any error in the court's failing to define "negligence" in immediate connection with special issue No. 5 submitting whether or not the defendants' driver in charge was guilty of negligence in failing to have any tail light burning at the time of the injury complained of by plaintiffs. In the preliminary part of the charge the court correctly defined negligence "as that term is used in this charge," and it was of course entirely unnecessary to repeat that definition in connection with individual issues.

[3] The writ was granted in this case upon the fourth assignment of error, which is as follows:

"The Court of Civil Appeals erred in overruling and not sustaining appellant's twenty-seventh, twenty-eighth, thirty-sixth, thirty-ninth, and fortieth assignments of error, and in thereby holding and decreeing that it is not error for the trial court in submitting the issue of contributory negligence of the plaintiffs in failing to heed a warning given by the employee of the defendant to charge the jury in effect that, in order for plaintiffs or either of them to have been guilty of such contributory negligence in failing to heed said warning, they must have seen or heard the warning given, if any, and in refusing to charge the jury at the request of the defendant that such plaintiffs might have been guilty of contributory negligence in the particular alleged in failing to hear or see such warning if given."

The gist of this complaint is that it in effect requires that plaintiffs or one of them must have seen or heard the warning given, if any, before a disregard of it could be found

to be negligence. We do not think the charge susceptible of this interpretation. It was as follows:

"Was or was not plaintiff Grover C. Benson, Sr., guilty of contributory negligence in failing to heed the warning, if any, given him by the operator of the defendant's truck immediately preceding the collision, if you find that such warning was given by said operator and was either seen or heard by said Benson?"

A similar issue was submitted as to plaintiff Mrs. Benson. It cannot be said this charge was affirmatively erroneous. It is correct as far as it goes, and an affirmative answer thereto would undoubtedly have been favorable to plaintiff in error.

The sole proposition submitted under this assignment presents the contention that:

"The issue is not merely whether the plaintiffs or either of them saw or heard the warning, if given, but whether under all the facts and circumstances they or either of them were guilty of contributory negligence in failing to hear or see such warning if given."

It is doubtful if this presents a question germane to the assignment. But considering it, as we do, no error is shown. Special issue 19 submitted by the court was:

"Was or was not the plaintiff Grover C. Benson, Sr., guilty of contributory negligence in his failure, if any, to keep a lookout for obstructions in the roadway while operating his automobile at the time of or immediately preceding the collision with the truck of the defendant, if he did so fail?"

This was answered: "He was not." So that, in effect, the issue as thus phrased by the plaintiff in error of "whether under all the facts and circumstances they or either of them (plaintiffs) were guilty of contributory negligence in failing to hear or see such warning, if given," was submitted and found adversely to them. In his "statement" under this assignment plaintiff in error calls attention to several special issues requested by him and refused by the court, but no assignment is presented predicated upon such refusal, and of course they are presented in the statement only in explanation of the matter complained of in the assignment under consideration.

[4] We have not considered the assignment complaining of the excessiveness of the verdict, for we have no jurisdiction to review it. Wichita Falls, etc., Co. v. Combs (Tex. Com. App.) 268 S. W. 447.

We approve the holding of the Court of Civil Appeals with respect to the matter complained of in the seventh assignment of error; that is, the testimony of the witness Masterson wherein he stated that he got the number of the truck and turned it over to Mr. Brown Rice, of Rice & Belk Insurance Company. Nothing can be added to that court's discussion of the question.

We recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.