### HILLERY-ATKINS BUICK CO. v. COX et al.

No. 16668—Opinion Filed May 4, 1926.

Rehearing Denied July 13, 1926.

### Justices of the Peace—Jurisdiction—Amount —Judgment—Injunction.

By Constitution and statute, justices of the peace have jurisdiction in actions for the recovery of money only where the amount "involved" or "claimed" does not exceed $200, exclusive of interest and costs, and where a claim for $200 is filed in justice court and judgment entered for that amount, the fact that interest may have accrued on the claim prior to judgment, though not claimed in the action, does not authorize or justify injunctive relief against the execution of the judgment on the ground that the unclaimed interest makes the claim exceed the jurisdiction of the court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by R. H. Hillery against J. D. Cox and E. R. Young, sheriff of Stephens County, for an injunction. Temporary injunction dissolved, and plaintiff brings error. Affirmed.

On June 30, 1925, R. H. Hillery commenced this action by filing his petition in

the district court of Stephens county to obtain an injunction against J. D. Cox, as judgment creditor, and against E. R. Young, as sheriff, to restrain them from proceeding any further in the execution of certain judgments theretofore rendered in favor of Cox and against the instant plaintiff. A temporary injunction was granted upon the filing of the petition, but upon a hearing had the temporary injunction was dissolved, and injunctive relief denied by the court. After unsuccessful motion for new trial, plaintiff has brought the case here by petition in error with case-made attached for review.

H. B. Lockett, for plaintiff in error.

J. W. Marshall, for defendants in error.

Opinion by LOGSDON, C. The sole ground of error alleged by plaintiff is that the trial court erred in not granting a permanent injunction as prayed for by plaintiff.

It appears that defendant, J. D. Cox, had procured five separate judgments against the plaintiff in justice court, each for the sum of $200. Each of these cases was appealed to the district court except one, which was appealed to the county court. On such appeals judgment again went against the instant plaintiff in each of the five cases for $200. After these judgments had become final, and executions were about to be levied to enforce their collection, the instant action was brought by plaintiff to enjoin the levy of such executions and the collection of such judgments.

Plaintiff's contention appears to be that because each claim matured about 28 days before action was commenced in the justice court, plaintiff in those actions was entitled to six per cent. interest on the claim, and that, therefore, the amount which he was entitled to recover exceeded $200, and the justice of the peace was without jurisdiction in each and all of the actions. A sufficient answer to this contention is that the plaintiff in those actions in the justice court did not claim any interest, but merely asked for judgment for the sum of $200. Each judgment was for $200 and no more. Therefore, under the constitutional and statutory provisions of this state, the justice court clearly had jurisdiction in each of the actions, and the district and county courts on appeal likewise had jurisdiction. The instant plaintiff cannot defeat the jurisdiction

of the justice of the peace by insisting that the plaintiff in those actions was entitled to interest which he did not claim, and for which no judgment was rendered. Bank of Buffalo v. Venn, 68 Okla. 43, 171 Pac. 450; Rives et al. v. Ada Electric & Gas Co., 91 Okla. 275, 217 Pac. 447.

There is no merit in this petition in error, and the judgment of the district court dissolving the temporary injunction and denying injunctive relief is in all things affirmed.

By the Court: It is so ordered.

Note.—See 35 C. J. p. 521. § 87.