## ROSS v. GEARIN.

No. 19659. Opinion Filed Sept. 16, 1930.

Davis & Frazier, for plaintiff in error.

C. F. Chapman, for defendant in error.

HALL, C. This action was originally brought in the justice of the peace court by the defendant in error, Omer Gearin, against Sam Ross, the plaintiff in error, to recover the sum of $200 damages which the plaintiff alleged he sustained by reason of a collision between his automobile and an unlighted truck which defendant stopped or parked at nighttime on the public highway.

The essential facts in the case are as follows: The defendant, Sam Ross, was a trucking contractor living in the town of Kelleyville, Creek county, in this state. The defendant, through his employees, was hauling, by means of a truck, a load of oil field equipment or machinery weighing about two tons. To the truck there was attached a trailer. This truck was being driven by defendant's employees during the night along and upon what is known as Highway No. 66, referred to locally as "the Main Street of America." The truck was stopped on the paved part of the highway, the outer, or right wheels, being two feet within the pavement. The defendant's explanation of why the truck was stopped was that the gasoline supply had exhausted. When the car was stopped, or after it was stopped, no lights were on or about it—no tail light nor head lights. The defendant admitted that fact, and offered as an excuse therefor that the car was not equipped with a lighting system independent of the direct action of the motor; that it derived its light from the magneto, which is an electrical device which furnishes current for ignition purposes and some surplus current while the motor is in motion.

After the truck stopped on the highway, one of the men left it in search of gasoline. He was gone for a considerable time, and the other man, an employee of defendant, instead of getting a lantern or some signal device—a flambeau, torch or something—with which he could signal or warn traffic that the highway was dangerously obstructed, proceeded to go to sleep in the cab of the truck. During that time, plaintiff, while driving an almost new Chevrolet automobile, well and sufficiently lighted, was traveling in the same direction in which the truck had been traveling, and in which it was directed, ran into the trailer of this truck. The collision turned his car across the road, and it was hit by another car passing in the opposite direction. Plaintiff explains, and apparently such explanation was satisfactory to the jury, that the reason he did not see defendant's truck until he was too near to stop, was due to the fact of the approaching car in the other direction, and there being no red light or light of any character displayed on the truck. We see

nothing marvelous or nothing out of the ordinary in that testimony.

Plaintiff's car was damaged and plaintiff received certain personal injuries. He brought this action in the justice of the peace court, asking for the sum of $125 as damages to his car, and the sum of $75 by reason of the personal injuries sustained. Before proceeding to trial, by permission of the court, he amended his complaint by changing the item of damage to his car from $125 to $175 and changing and reducing the damage by reason of injuries to his person to $25. Both the original and amended complaints were drawn and based upon the theory that the justice of the peace court did not have jurisdiction beyond $200; and the plaintiff in each complaint asked for damages only in the sum of $200. Only the sum of $200 was awarded.

The defendant (plaintiff in error herein) contends that the court was without jurisdiction for the reason that a statement attached to an affidavit of the mechanic disclosed that the account for repairing the car of plaintiff was $125.45. The contention of plaintiff in error in this connection would be correct if plaintiff were seeking to recover for this 45 cents, but he asked judgment in his original complaint only for $125 by reason of the damage to his automobile. That question was definitely settled by this court in the case of Hillery-Atkins Buick Co. v. Cox, 119 Okla. 75, 247 Pac. 1007. In that case the court definitely held that the amount **"claimed"** determined the juridiction of the justice of the peace, and the expressions "amount claimed" or "amount involved," the latter term being the one used in the Constitution, are synonymous. The reader is also referred to the case of Albaugh Bros. Dover Co. v. White, 26 Okla. 24, 108 Pac. 360, where the controlling principle is fully discussed.

Defendant next contends that it was error to permit the plaintiff to amend his complaint in the county court. There is no merit whatever in this contention. Under our Code of Civil Procedure, it is within the sound discretion of the court to permit amendments to be made at any time before or during the trial in furtherance of justice, where the amendment does not change the nature of the cause of action or the defense. Defendant does not point out where the amendment prejudiced his rights, and we presume that it did not. Defendant neither set up facts showing surprise, nor asked the trial court for a continuance on such grounds, or otherwise.

The next proposition seriously urged involves the question of negligence of the defendant. Defendant, in effect, contends that he was exercising ordinary care for the rights of other travelers on the highway when he placed thereon at night a truck not equipped with lights which could function independently of the direct action or motion of the motor; and further contends that the exhaustion of the gasoline supply used to operate such a machine, notwithstanding its uncertain lighting system, was an excuse for leaving this dangerous and unlighted object in the road, with its attendant in it asleep.

The jury answered these contentions unfavorably to the defendant. In the light of the general law of negligence and the adjudications involving similar facts, but not nearly so aggravating as the facts in this case, neither the jury nor the court made a mistake.

The defendant was bound to use ordinary or due care and caution in using the highway to avoid injury to other persons using it. Due care has been many times defined as "the reasonable exercise of foresight for harm." Among the recent cases by the courts in the various jurisdictions involving the question presented here are: Seibert v. Goldstein Co., 99 N. J. L. 200; Koplovitz v. Jensen (Ind.) 151 N. E. 390; Murphy v. Hawthorne (Ore.) 244 Pac. 79, 44 A. L. R. 1397; Horton v. Bensen (Tex. Civ. App.) 266 S. W. 213 (affirmed by the Supreme Court of Texas) 277 S. W. 1050; Pietraszewski v. American Ry. Ex. Co., 210 App. Div. 866, 206 N. Y. Supp. 950.

In the case of Horton v. Bensen, supra, both the Court of Civil Appeals and the Supreme Court of Texas held that a truck which had no satisfactory lights, and which was completely stopped or parked on a highway by the driver, was being "operated on the highway" within the meaning of the statute requiring lights upon motor vehicles "while being operated during the night." Judgment was not rendered in the case upon the theory that the driver of the stalled or parked truck was guilty of negligence as a matter of law, but, instead, upon a finding of the jury that the failure of the defendant to equip his truck with lights was an act of negligence resulting in injury to plaintiff.

The case of Seibert v. Goldstein Co., supra, involved a state of facts somewhat similar to the facts in the present case, save the negligence in the Seibert Case was considerably less aggravated or pronounced. The facts in that case, briefly, were as follows: A heavy snow storm was raging, and a truck belonging to the Presto-Lite Company was stalled on a public highway. The defendant's truck, the one belonging to the Gold-

stein Company, was driven by its servants up to the Presto-Lite truck, and there it necessarily stopped. The defendant's truck was not equipped with a proper tail light, meaning a red light, but had a "pseudo white light hanging from the rear, near the axle." The falling snow almost completely obscured this little white light. Defendant's truck stopped on the highway about four minutes before plaintiff drove up behind it and drove into the truck. Two men were in defendant's truck and neither one went around to the rear of defendant's truck with a light, lantern or with some other signal device with which to stop other travelers in the same direction. The holding of the court is reflected in the following language contained in the opinion:

"The essence of negligence in such circumstances is the absence of reasonable foresight for harm, based upon the inquiry, what the reasonably prudent man would have done under similar circumstances. The plaintiff apparently, as we have seen, was performing his duty to the best of his ability in operating his car, cautiously observing the road as well as he could, and exercising due care, as he conceived it, in a trying situation. At least he was awake to the situation, and the danger and responsibility it created. What was the defendant at this time doing in the exercise of due care for others lawfully on the highway? If the situation confronting him had presented itself to the conductor upon a railway train, he or his assistant would have traveled back with a lantern a reasonable distance to warn approaching trains of the danger; and such a course it might reasonably be contended was open to the driver of this defendant's truck, since he was accompanied by an assistant, who could have performed that duty, but who made no effort in that direction."

Defendant's liability attached by reason of the general law of negligence, and not upon the violation of any statutory duty.

The court was further of the opinion that if a warning red light had been carried, it might fairly be presumed that the plaintiff, who collided with the rear end of the truck, would have seen the truck in time to have brought his truck to a stop, thus avoiding a collision.

Proper lights both front and rear on a motor vehicle at night are so essential to the safety of persons traveling in other vehicles, that most states have enacted statutes making it a public offense to drive or operate a motor vehicle on the public highways at night without having it properly lighted.

The courts of two jurisdictions, to wit, Utah and Iowa, have held that, in order to violate such a statute, the motor vehicle must be in motion, and that the statute does not apply to parked vehicles. All the other jurisdictions which have passed on the question, whose decisions make up the overwhelming weight of the authorities, hold that the term "operated or driven on the highways" means stopped or parked on the highways as well as to vehicles in motion. Koplovitz v. Jensen (Ind.) 151 N. E. 390; Murphy v. Hawthorne (Ore.) 244 Pac. 79, 44 A. L. R. 1397; Horton v. Bensen (Tex. Civ. App.) 266 S. W. 213 (Tex. Sup.) 277 S. W. 1050; Commonwealth v. Henry, 229 Mass. 19, 118 N. E. 224, L. R. A. 1918B, 827; Stroud v. Water Com'rs, 90 Conn. 412, 97 Atl. 336.

Counsel for defendant cite these minority cases—the Iowa case, styled City of Harlan v. Kraschel, 146 N. W. 463, and the Utah case, Musgrave v. Studebaker Brothers Co. of Utah, 160 Pac. 117—in defense of defendant's act in stopping or parking his unlighted truck on the public highway at nighttime. The reasoning in those cases is unsound. Furthermore, the present case does not rest upon the violation of any express statutory duty, but, instead, it rests upon the general, and perhaps universal, law of negligence. In this connection, the Supreme Court of Oregon, in the case of Murphy v. Hawthorne, 244 Pac. 79, held that:

"It was more necessary, so far as the safety of the public is concerned, to have such light on the truck when thus parked on the highway than it would be if it were moving. It would be contrary to the purpose and spirit of the statute so to construe it as being applicable only to motor vehicles in motion. Jaquith v. Worden, 132 Pac. 33, 73 Wash. 349, 48 L. R. A. (N. S.) 827; Berry on Automobiles (4th Ed.) secs. 188, 872; Babbitt on Motor Vehicles (3rd Ed.) sec. 563."

Defendant next contends that he is not liable, and as a basis for such contention says that plaintiff did not show that defendant's parked truck on the highway was the proximate cause of the injuries complained of. The evidence introduced showed that a right wheel of plaintiff's automobile struck the trailer of defendant's truck. The impact turned the car around whereby it was hit and damaged by an automobile attempting to pass in the opposite direction. Assuming that the principal damage was done by the other passing car, still, there could be no rational basis for assuming that the injuries and damages were not the proximate result of defendant's negligence. In other words, if we should assume (which we do not) that defendant's negligence was not the direct cause of the injuries, unquestionably the jury was correct in holding that

the defendant's negligence was the proximate cause of the injuries. To render one liable, his negligence need not be proved to be the direct cause of the injury, but it is enough that it was the **proximate cause**, which may be **indirect**. Schneider v. Chicago, Milwaukee & St. Paul Ry. Co., 99 Wis. 378, 75 N. W. 169; Berkovitz v. American River Gravel Co. (Cal.) 215 Pac. 675.

The determination of the question of negligence, that is, what is or is not negligence, in nearly every case is a question for the jury. It is a question of law for the court only in cases where the admitted facts are so conclusive as to admit of no difference of opinion among reasonable men. Chicago, R. I. & P. Ry. Co. v. Zirkle, 76 Okla. 298, 185 Pac. 329.

In the present case the defendant was guilty of negligence on his own testimony. He testified that he directed and caused this truck, which was equipped with this inadequate and superficial lighting system, to be driven during the night along one of the main and principal public highways of this state, without providing for warning the drivers of other vehicles in case the truck stopped and lights failed. The only real questions for determination by the jury were the question of proximate cause of the injuries; the question of contributory negligence of the plaintiff; and the assessment of damages in case of a favorable finding for plaintiff. However, the entire matter was submitted to the jury, and their verdict, under the elementary rules of appellate procedure, will not be disturbed. In this connection, in the light of the holdings of other courts involving facts similar to the facts involved herein, we are constrained to say that defendant's negligence was of a gross nature. To leave such an object containing two tons of oil field machinery unlighted or without warning signals at nighttime on a public highway, under such circumstances as defendant placed and left the truck in the present case, was an act almost if not in wanton disregard of human life.

It is next contended that the instructions were erroneous in that the court, in stating the issues to the jury, used the original complaint as the basis instead of the amended complaint. This was mere inadvertence. The testimony supported a finding under either complaint, and in neither complaint was a claim made for more than $200, the maximum jurisdictional amount for the justice of the peace court.

There are other errors assigned, but we deem them not of sufficient merit to justify prolonging this opinion.

For the reasons herein stated, the judgment of the trial court is hereby affirmed.

BENNETT, HERR, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) anno. 24 A. L. R. 510; 62 A. L. R. 972; 2 R. C. L. p. 1192; R. C. L. Perm. Supp. p. 657. See "Motor Vehicles," 42 C. J. §1063, p. 1247, n. 67. "Negligence," 45 C. J. §51, p. 682, n. 24; §852, p. 1279, n. 32.