## McCULLOUGH BOX & CRATE CO. v. LILES.

### No. 11166.

Court of Civil Appeals of Texas.
San Antonio.

May 27, 1942.

Rehearing Denied June 24, 1942.

J. F. Whitelaw, of Brownsville, for appellant.

Carter & Stiernberg and Fred J. Newland, all of Harlingen, for appellee.

NORVELL, Justice.

Appellee, Homer Liles, recovered judgment against appellant, McCullough Box and Crate Company, for personal injuries sustained by him as a result of a collision between Liles' automobile and a truck owned by appellant.

Trial was to a jury, and appellant bases its demand for reversal of the judgment upon three points which assert: (1) That appellee was guilty of contributory negligence as a matter of law; (2) that the jury was guilty of misconduct which vitiated the verdict under Rule 327, Rules of Civil Procedure, and (3) that as the evidence conclusively showed that appellee had been paid his regular salary during the period he was incapacitated by reason of injuries sustained, the trial court should have charged that appellee was not entitled to a recovery for time lost from his employment as a result of said injuries.

Appellant's last contention is fully answered by Houston Belt & Terminal Ry. Co. v. Johansen, 107 Tex. 336, 179 S.W. 853, and need not be further noticed.

As supporting his first point, appellant cites Refugio Refinery v. Speed, Tex. Civ.App., 139 S.W.2d 621, wherein this Court held that the appellee, Speed, was guilty of contributory negligence as a matter of law. It appeared that Speed, although partially blinded by the lights of an approaching truck, could, nevertheless, see the right-hand edge of the pavement, yet drove his automobile onto the left-hand portion of the highway into the path of the oncoming truck, thus causing the collision.

The record before us in this case presents a different fact situation.

Appellee was driving an automobile in the nighttime upon the highway between Harlingen and San Benito, in Cameron County, Texas. It was raining and appellee was passing a constant stream of cars traveling in the opposite direction. The

1056

headlights of these passing cars interfered with his vision.

Appellant's truck, according to the jury's findings, was parked so that a portion of the same extended onto the paved portion of the highway, that is, on appellee's right-hand side of the road. No flares were set out and the tail light on the truck was not burning.

Issues of proximate cause and contributory negligence were answered favorably to appellee.

This case is governed by authorities similar to Horton v. Benson, Tex.Civ.App., 266 S.W. 213, affirmed by Supreme Court, on recommendation of the Commission of Appeals, 277 S.W. 1050; North East Texas Motor Lines v. Hodges, Tex.Civ.App., 141 S.W.2d 386, affirmed Tex.Com.App., 158 S. W.2d 487; Western Development Corporation v. Simmons, Tex.Civ.App., 124 S.W.2d 414, writ refused.

Proximate cause is generally a question of fact for the jury. It is only "where the facts are undisputed and are susceptible of only one inference" that a question of law is presented, 38 Am.Jur. 1059. Such was the situation presented in the Speed case. It is not presented here. Appellant's first point is overruled.

The alleged jury misconduct of which appellant complains is the consideration of extraneous matters during discussions in the jury room. Certain items of damages, such as medical expenses and damages to appellee's automobile, were agreed upon and not submitted to the jury by the court in its charge. Some reference was, however, made of these items and the matter of attorney's fee and liability insurance was also mentioned. However, it also appears that immediately after the mention of such items, the foreman of the jury admonished the members thereof not to discuss such matters. The instructions of the court were read over and thereafter no further mention of such matters was made.

We can not say that it reasonably appears from the evidence, both on the hearing of the motion and the trial of the case and from the record as a whole, that injury probably resulted to appellant because of the discussions or remarks above mentioned. Rule 327, R.C.P. Appellant's second point is overruled.

The judgment of the trial court is affirmed.