HERRIN TRANSP. CO. v. PETERSON.

No. 12025.

Court of Civil Appeals of Texas. Galveston.

Dec. 2, 1948.

Rehearing Denied Dec. 23, 1948.

Fulbright, Crooker, Freeman & Bates, M. S. McCorquodale, Russell Talbott and Walter E. Babel, Jr., all of Houston, for appellant.

Shirley M. Helm, Albert P. Jones, and Helm & Jones, all of Houston, and E. E. Davis, of Dayton, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, E. A. Peterson, for recovery of damages from appellant, Herrin Transportation Company, for personal injuries alleged to have been received by him in a collision between an automobile being operated by appellee and a truck owned by appellant.

On the trial of the case a jury found in answer to special issues submitted that at the time of the collision appellant's truck was being operated at a rate of speed in excess of that which a person of ordinary care and prudence would have operated it under similar circumstances; that the driver of the truck failed to keep such lookout immediately before the collision as would have been kept by a person of ordinary prudence; that the driver of the truck failed to make such an application of his brakes as would have been made by a person of ordinary prudence and that he failed to turn his truck to the left or to reduce the speed of the truck immediately before the collision; that each of such acts were the proximate causes of the collision in question and that such acts were negligence as that term was defined in the charge. The jury found that the collision in question was not the result of an unavoidable accident and returned a verdict in favor of appellee in the sum of $22,000.00. The court rendered judgment in accordance with the verdict.

The trial court prepared and caused to be filed his findings of fact and conclusions of law in which he found that a juror, Lee Kasprazak could neither read nor write the English language. He found that the judge who impaneled the jury for the Civil District Courts of Harris County had asked the prospective jurors to let him know if they could not read and write, but that Lee Kasprazak did not advise the judge in response to said question, that he could not do so, and that the Judge concluded that he could read and write the English language and that he was accepted as one of the jurors for the week. The Court found that attor-

neys for appellant had rightfully assumed that said juror was qualified with respect to reading and writing and that counsel for appellant was not guilty of lack of diligence in failing to further question him concerning his ability to read and write or in not making further investigation of his qualification in that respect prior to the return of the jury's verdict.

Under its first point of error appellant complains of the action of the trial court in refusing to grant a new trial for the reason that it did not receive a fair trial by a jury of qualified jurors on account of the fact that one of the jurors could neither read nor write the English language.

It is the established rule in this state that objections going to the qualifications of jurors shall be made before the return of the verdict in order that a party to a suit may not conceal his knowledge of the fact of such disqualification and take chances on a verdict in his favor and if the verdict is against him, take advantage of such irregularity for the purpose of obtaining a new trial.

In the early case of Boetge v. Landa, 22 Tex. 105, under a similar state of facts, the court held that "The pretense that the verdict ought to have been set aside because the jurors were not sufficiently acquainted with the English language to understand the testimony and the instructions of the Court, was entitled to no consideration. The jury was doubtless accepted by the parties according to the usual forms of practice, and they could not afterwards be heard to question the competency of jurors accepted by themselves."

In the case of Schuster v. La Londe, 57 Tex. 28, the court held that "The objection, after verdict, that a juror was not a freeholder, certainly comes too late."

In the case of Newman v. Dodson, 61 Tex. 91, the court held that the court did not err in holding that the objection to the jurors summoned by the Sheriff came too late after verdict because the revised statutes contemplate that all such objections should be made before the cause proceeds to trial.

In the case of Rice v. Dewberry, Tex. Civ.App., 93 S.W. 715, this court, under a similar state of facts, held that an objection that a juror who had sat in the trial of a cause was not a qualified juror, came too late when not made until after the verdict had been returned.

In the case of Travelers' Insurance Company v. Peters, Tex.Civ.App., 3 S.W.2d 568, 571, it was contended that appellant's motion for a new trial should have been granted for the reason that it had developed upon the hearing of the motion that one of the jurors in the case was unable to write the English language and was therefore disqualified, and that on this account appellant had been deprived of a trial by twelve competent jurors, as provided by law. In overruling appellant's contention the court said: " * * * the mere disqualification of a juror for some reason under the statute, such as being unable to read and write, not a freeholder, etc., is not a ground for new trial after verdict." Citing numerous authorities. On appeal, The Supreme Court said "We have carefully considered the other assignments urged by plaintiff in error, and have reached the conclusion that no reversible error is shown thereby." 17 S.W.2d 457, 458; rehearing denied 18 S.W.2d 590.

In the case of International and Great Northern Railroad Co., v. Woodward, 26 Tex.Civ.App. 389, 63 S.W. 1051, writ of error refused, appellant complained of the fact that one of the jurors was neither a freeholder in the State nor a householder in the county, the court held that this matter could not be raised for the first time after verdict.

The following authorities are in accord with the above announced rule: Freeman v. McElroy, Tex.Civ.App., 149 S.W. 428, writ of error refused; Squyres v. State, 92 Tex.Cr.R. 160, 242 S.W. 1024; Price v. Humble Oil & Refining Co., Tex.Civ.App., 152 S.W.2d 804; Davidson v. Whitaker, Tex.Civ.App., 196 S.W.2d 57.

There is no suggestion in the record that Mr. Kasprazak, the questioned juror, was in any way biased or prejudiced. As far as the record in this case reflects he was wholly and completely disinterested and it was not shown that his presence on the jury either did or was reasonably calculated to bring about an improper verdict and judgment. A careful review of the authorities leads to no conclusion other than that the trial court was correct in denying the motion for new trial.

Under its second point of error, appellant contends that the trial court should have declared a mistrial when Dr. Brown, a witness for appellee, stated that he had examined cases for a number of physicians and insurance companies. This statement was made at a time when the witness was being cross-examined by counsel for appellant in reference to the making of examinations for counsel for appellee and with reference to his having appeared as a witness on several occasions in their cases. The statement did not link the defense of the case with any liability insurance companies nor does the record disclose the type of insurance referred to by the witness. The trial court heard the testimony, observed the demeanor of the witness on the stand and in passing on appellant's motion for new trial concluded that the matter was without significance.

In case of Horton v. Benson, Tex.Civ. App., 266 S.W. 213, 218, under facts in an action in which witness advised appellee to take his wife and children to a hospital at Galveston and that he would procure the number of a truck and turn it over to the representative of an insurance firm in Houston, this Court, in holding that no error was presented, said "What connection Rice & Belk had with the matter in controversy in this suit, if any, is not even remotely disclosed to the jury by the things complained of. * * * We do not think the matters complained of were calculated to in any manner influence the jury in arriving at their verdict, and, so believing, the assignment presenting such matter is overruled."

Writ of error was granted and in the opinion of the Commission of Appeals, 277 S.W. 1050, 1051, the court said "We approve the holding of the Court of Civil Appeals with respect to the matter complained of in the seventh assignment of error; that is, the testimony of the witness Masterson wherein he stated that he got the number

of the truck and turned it over to Mr. Brown Rice, of Rice & Belk Insurance Company. Nothing can be added to that court's discussion of the question."

In the case of Russell v. Martin, 121 Tex. 488, 49 S.W.2d 699, a medical witness was asked at whose suggestion he examined the appellee. He replied "I examined her for Mr. Brown—Marvin Brown. Some insurance company, I don't remember." In holding that error was not presented, the court pointed out that the trial court heard the testimony and passed upon it directly when motion for new trial was presented and reached the conclusion that this testimony was not calculated to influence the verdict. In the course of its opinion the court said "There is nothing in the record even tending to show that Mr. Brown was representing any insurance company, or, if so, what the character of the insurance was in which the company was interested. Certainly, there is nothing in the testimony to show that the appellants were connected with any insurance company, or if so, that the transaction involved in the suit had any connection with any insurance company, such as would ultimately relieve the appellants from financial loss on account of the injuries inflicted."

The following authorities are in accord with the rule above announced. Horton v. Benson, Tex.Civ.App., 266 S.W. 213; Humble Pipe Line Co. v. Kincaid, Tex.Civ.App., 19 S.W.2d 144, writ of error refused; Jimmie Guest Motor Co. v. Olcott, Tex. Civ.App., 26 S.W.2d 373; Texas Cities Gas Co. v. Ellis, Tex.Civ.App., 63 S.W.2d 717; Levy v. Rogers, Tex.Civ.App., 75 S. W.2d 304.

■ From an exhaustive analysis of the authorities involving the question above presented, we are of the opinion that only where counsel has deliberately done something to bring insurance into the picture or where the inference is plain and unmistaken that the defendant is protected by liability insurance that a reversal will be ordered. Neither of these elements is present in the instant case. The remark of Dr. Brown on cross-examination that he had examined cases for other physicians and for insurance companies was, we think, inadvertent

and was not brought out by any act of appellee's counsel. The trial judge who was present was in position to judge the effect of the testimony, and since there was no request for an instruction to the jury and in the light of the record, there was no showing of probable harm as required by Rule 434, Texas Rules of Civil Procedure it was, we think, within his discretion to deny the motion to declare a mistrial.

Under its third point of error appellant complains of the action of the trial court in permitting an attorney for appellee to change one of his peremptory challenges to a juror on the jury panel so as to place said juror previously stricken upon the jury and to strike another juror who had not previously been stricken.

■ The record reflects that upon the completion of the voir dire examination of the jury by counsel for each side, and after the court had declared a recess, the attorneys retired to consider and strike their lists. When counsel returned to the courtroom, the clerk was out of the courtroom momentarily and the lists were placed face down on his desk. During this interval counsel for appellee determined that he should have exercised a challenge on a prospective juror and when court convened after the recess the court, over appellant's objection, permitted appellee's counsel to make the change. It is undisputed that the lists were never in the physical possession of the clerk prior to the time that counsel of appellee made known his desire to make a change in the peremptory challenge upon the return of the judge to the courtroom after the recess. The matter, we think, addressed itself to the discretion of the trial court. In 50 C.J.S., Juries, § 282, pages 1077, 1078, it is said that "As a general rule the right of peremptory challenge may be exercised at any time until the juror or jury is sworn."

In the same text, 50 C.J.S., Juries, § 282, page 1079, it is said "In some jurisdictions, the absolute right of peremptory challenge is allowed at any time before the juror is sworn, even if there has been an acceptance by the parties. In other jurisdictions allowance of the right after acceptance is subject to the court's discretion."

In 26 Tex.Jur. Sec. 112, page 679 and 80, it is said that "A Court of Civil Appeals has held that an accepted juror may be challenged peremptorily before the formation of the jury is complete and the oath administered. In a non-capital criminal case the rule applied is that, if, subject to acceptance, it appeared that there was good cause for challenge, such challenge should be allowed. However, the question as to the right of withdrawing an acceptance has most frequently arisen in capital cases, * * *".

It is apparent in the instant case that both of the jurors in question were satisfactory to appellant. Under Rule 434, Texas Rules of Civil Procedure, since it is not demonstrated how appellant could have been harmed in any respect, appellant's contention is overruled under Rule 434, Texas Rules of Civil Procedure.

Under its fourth point of error, appellant contends that the amount awarded appellee by the jury, $22,000.00, was excessive and that it reflected undue bias and prejudice against appellant on the part of the jury.

The record reflects a considerable volume of testimony with respect to the injuries and damages suffered by the appellee as a result of the collision which occurred on July 1, 1946. It is replete with medical testimony to the effect that appellee suffered damages to his spine, a brain injury and that he suffered from involutional melancholia. The measure of damages in a personal injury case is not something that can be measured by a mathematical yardstick. Considerable discretion and latitude must necessarily be vested in the jury and each case must be measured by its own peculiar facts. Peden Iron & Steel Co. v. Claflin, Tex.Civ.App., 146 S.W.2d 1062; Pure Oil Co. v. Crabb, Tex.Civ.App., 151 S.W.2d 962; Leyendecker v. Harlow, Tex. Civ.App., 189 S.W.2d 706; Texas Bus Lines et al. v. Whatley, Tex.Civ.App., 210 S.W.2d 626.

We have carefully examined all points of error presented and finding no reversible error, judgment of the trial court is in all things affirmed.

Affirmed.